**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHARLES J. DAVIS,
D.O.C. # Q00394,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:17cv172-WS/CAS**

**CAPTAIN WILLIAM HALL,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted an "emergency motion to file 1983 civil complaint" to this Court on April 6, 2017. ECF No. 1. Plaintiff did not submit a motion seeking leave to proceed in forma pauperis, but states within his complaint that he is a three striker pursuant to 28 U.S.C. § 1915(g) and is unable to pay the filing fee. ECF No. 1 at 1. Plaintiff also alleges that his life is in imminent danger from correctional staff at his institution. *Id.* at 1-2. Plaintiff is housed at the Florida State Prison in Raiford, Florida.

Because the events at issue transpired where Plaintiff is incarcerated, and the Florida State Prison is within the Middle District of Florida, jurisdiction over this case belongs in that Court. There is no basis for jurisdiction in this Court. Pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b), this case should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division. The Middle District is in the best position to evaluate Plaintiff's claims under 28 U.S.C. § 1915(g) and determine whether the filing of an in forma pauperis motion is necessary to proceed.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." Transfer is permissible on a district court's own motion. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). This case should be transferred rather than dismissed.

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, including a

determination of whether Plaintiff qualifies for in forma pauperis status in light of 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 14, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**